Submitted on record and petitioner's brief November 20, 1987, reversed
February 24, 1988

## MICHAEL P. BYRNES,
*Petitioner,*

*v.*

## OREGON STATE BOARD OF PAROLE,
*Respondent.*

(CA A43041)

750 P2d 499

Michael P. Byrnes, Salem, filed the brief *pro se* for petitioner.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner was sentenced to life imprisonment for murder. ORS 163.115. At his initial prison term hearing on June 23, 1982, held in accordance with ORS 144.120, the Board set a term of 204 months (17 years), based on a matrix range of 168 to 228 months. Rule revisions adopted in 1985 lowered petitioner's matrix range to 120 to 168 months and, on May 29, 1986, his term was administratively reset to 149 months. On January 14, 1987, after petitioner had served five years, the Board conducted his "personal review" hearing in accordance with ORS 144.122 and OAR 255-40-005(1). At that hearing, the Board voided the 1986 administrative reassessment and reset petitioner's term to 192 months on the basis of new findings and a recomputation based on those findings. Petitioner seeks review.

Petitioner first argues that the Board's order fails to meet both the statutory requirements of ORS 144.135 and the standards established by the Attorney General's Model Rules of Procedure under the Administrative Procedures Act. The argument has no merit. *Anderson v. Board of Parole,* 303 Or 618, 627, 740 P2d 760 (1987).

Petitioner next contends that, at the January, 1987, "personal review," the Board essentially reopened his prison term hearing on its own motion without authority under its rules. We agree.

■ The review was held pursuant to OAR 255-40-005(1) "to determine the progress of the prisoner and whether such progress is exceptional as to warrant a reduction in the prison term." The Board did not have authority under that rule to *increase* petitioner's prison term.

■ The Board also did not adhere to its own rules in regard to the reopening of the prison term determination. OAR 255-40-020 provides:

"The Board may reopen any case for reconsideration upon formal written request of a prisoner to the chairperson or by the motion of a Board member if:

"(1) Substantial new information which was unknown at the time of the prison term hearing has been received;

"(2) Substantial information that a prisoner, or any other

person, willfully concealed or misrepresented information pertinent to a prior Board action has been received;

"(3) Statutory changes have reclassified the criminal conduct involved;

"(4) Rule changes have resulted in a shorter range;

"(5) Clerical error is established. The Board shall take administrative action by file pass to correct the error. The prisoner shall be notified in writing of Board action. If the Board takes action which would be adverse to the prisoner, the Board shall reopen the hearing.

"(6) The Board shall state the specific reasons for denial of a request to reopen a hearing."

None of the enumerated grounds for reopening is revealed by the record. Furthermore, even if one of these grounds was present, nothing in the record indicates that the Board complied with the notice requirements of OAR 255-30-013(1) (made applicable by OAR 255-40-035), which mandates 14 days' advance notice to a prisoner "of the hearing and its purpose." We therefore reverse the Board's action in resetting petitioner's term from 149 to 192 months.

Reversed.